## FELDMAN v BERNARD LUMBER CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 9, 1934

Morris Mendelssohn, Youngstown, for plaintiff in error.

Carlyle & Carlyle, Youngstown, for defendant in error.

## OPINION

By SMITH, J.

The petition in error sets out eleven assignments of error, but counsel for plaintiff only urges four assignments of error.

The first error complained of is that the verdict is manifestly and decidedly against the manifest weight of the evidence. We have carefully read this record and find there is evidence therein to support a verdict of the jury either for the plaintiff or the defendant. The plaintiff, her step-son and one other witness testified in support of the plaintiff's claim. The driver of defendant's truck testified for the defendant. Therefore the greater number of witnesses testified for the plaintiff. This, however, does not preclude the jury from finding the facts to be as testified to by a lesser number of witnesses. The credibility of the plaintiff in this case was directly challenged. The jury having heard all of the witnesses, and having the opportunity of observing their attitude on the witness stand, their interest or lack of interest, and the probability of the truth of their testimony, had a right to believe or disbelieve any portion of the testimony adduced. It was the duty of the jury, in their consideration, to weigh the testimony that had been adduced. It is presumed that they performed their duty. The jury found the issues of the case in favor of the defendant and so returned their verdict. We are unable to find, as a matter of law, that the verdict in this case was against the manifest weight of the evidence.

The second error urged is that the court erred in its general charge to the jury. The portion of the charge complained of commences on page 200 of the record. The court charged that Louis Feldman, the driver of the car in which the plaintiff was riding, was the agent of the plaintiff at the time this accident occurred, and that any negligence on his part in the operation of this car would be considered the negligence of the plaintiff. The purpose of the trip being made at that time by the plaintiff was to purchase supplies from farmers for household use and she had her stepson, Louis Feldman, twenty years of age, driving the car for her for that purpose. We do not think this charge of the court was error, and find that in this situation Louis Feldman was the agent of the plaintiff at the time this accident occurred, and that any negligence of Louis Feldman in the operation of this car amounted to negligence on the part of the plaintiff, who was the principal.

Counsel for plaintiff earnestly urges that the facts in this case do not show agency and has cited a great number of cases in support of his contention. It is evident, from the brief and the cases cited, that he has confused the question of agency with the question of joint enterprise and substantially all of the cases cited in the brief relate to joint enterprise. We do not find it necessary to either examine or analyze the cases cited on that question.

Plaintiff also complains of the general charge of the court on the question of contributory negligence for the reason that defendant, in its answer, does not allege contributory negligence. The position of plaintiff's counsel is not well taken for the reason that it is a well established rule of law that where the evidence in the case raises the issue of contributory negligence, it is the duty of the court to charge on that question. We find no error on the part of the court, prejudicial to the plaintiff, in the general charge.

The third assignment of error urged is that the court erred in refusing to give plaintiff's special requests to charge before argument, numbers 2, 4, 7, 8 and 9. We have examined each of these special requests to charge and we do not find any error on the part of the court in refusing to charge any one of them. For example, request number 2 is limited to the exercise of ordinary care on the part of the plaintiff only and does not refer to the exercise of ordinary care on the part of Louis Feldman, her agent. Request No. 4 assumes that the plaintiff suffered pain of body and mind. Request No. 7 has the same fault of limiting the exercise of ordinary care to the plaintiff herself and does not consider the negligence of her agent. It also states that if the plaintiff was in the exercise of ordinary care for her own safety, the plaintiff would be liable, and that the verdict must be for the plaintiff, which is clearly an improper statement. Request No. 8

states that "if the negligence of the defendant was the direct and proximate cause of the injuries CLAIMED by the plaintiff", instead of "the injuries SUSTAINED" by her, and it also has the same fault of limiting the exercise of ordinary care on her part and does not contemplate any negligence on the part of her agent, and also provides that in such event, the plaintiff would be liable and yet, that the plaintiff should have a verdict in her favor. Special request No. 9 has the same fault as number 8 as to the CLAIMED injuries of the plaintiff, and also that the negligence of her agent is not taken into consideration.

The only other error urged is misconduct of the jury. The verdict in this case was returned on April 21, 1934. A motion for a new trial was filed on April 24, 1934. This motion did not contain any grounds for new trial on the basis of misconduct of the jury. An amended motion was filed under date of May 5, 1934, claiming misconduct of the jury. The record shows that plaintiff's counsel testified that he had overheard a conversation between Charles Croop, the driver of defendant's truck, and Mr. Reeves, one of the members of the jury, during the course of the trial. Mrs. Isabel Connor, one of plaintiff's witnesses, also testified to a conversation between these same two men. Plaintiff's counsel did not report this claimed misconduct of the jury during the trial of this case and Mrs. Connor says that she did not tell Mr. Mendelssohn about the conversation she had heard until after the verdict was rendered. Mr. Reeves, the juror, testified that no such conversation took place, as did Mr. Croop, the driver of defendant's truck. We believe the court very properly refused to disturb the verdict in this case on account of such alleged misconduct. It was the duty of counsel for the plaintiff, if he heard such a conversation, to have immediately reported it to the trial court so that proper action could be taken in regard to such a situation. He cannot permit the case to go forward on the hope that the verdict will be favorable to him, and then if the verdict is unfavorable, come in and procure a new trial on that ground. In other words, he is not permitted to speculate as to what the jury may do and still claim the benefit if the result is not satisfactory to him.

We have therefore come to the conclusion that no error prejudicial to the plaintiff was committed in the trial of this case, and that the judgment of the court below should be and is hereby affirmed.

Judgment affirmed.

ROBERTS and LYNCH, JJ, concur.